IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JADE JASON HUNT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-232-JHP |
| | ) | |
| JIRL BUCK, BRENDA BUCK, and | ) | |
| BUCK CATTLE COMPANY, LLC | ) | |
| | ) | |
| Defendants, | ) | |

# ORDER

Before the Court is Defendants' Second Motion in Limine [Docket No. 47] which seeks to exclude any and all testimony by Plaintiff's expert witness Robert Kingsbery; Plaintiff's Response in Opposition [Docket No. 63], and Defendants' Reply [Docket No. 67]. Additionally, a *Daubert* hearing was held on May 21, 2009. Defendants seek to exclude Kingsberry's testimony on the grounds that his opinions are unreliable, irrelevant, and do not assist the trier of fact.

The Court, in performing its "gatekeeper" function, must evaluate proposed expert testimony to ensure that the information is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). In order to be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id*. at 591. To be reliable, the testimony "must be based on scientific knowledge, which implies a grounding in the methods and procedures of science based on actual knowledge, not subjective belief or unsupported speculation." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 590) (internal quotations omitted).

This case arises from an incident that occurred on February 26, 2007, on Defendants' property in Madill, Oklahoma. On that date, Plaintiff was preparing cattle for auction on behalf of Defendants. As Plaintiff was attempting to halter a heifer inside a pin, the heifer moved in such a manner that it broke a piece of polyvinyl chloride (PVC) pipe that Defendants had placed over a metal "sucker rod" which was being used as a gate stop. Plaintiff was struck by a piece of the broken PVC pipe in the right eye. Plaintiff alleges Defendants were negligent in the manner in which it used the PVC pipe, and that Defendants' use of the PVC pipe created a hidden danger on their premises.

At the *Daubert* hearing held on May 21, Mr. Kingsbery expressed three opinions regarding this case: 1.) that the use of PVC pipe was not common in livestock facilities; 2.) that Defendants' use of PVC in this case was not appropriate; and 3.) that Defendants should have known not to use PVC pipe in this manner.

Although Mr. Kingsbery, through his experience, has specialized knowledge regarding the general issue of livestock fencing, the Court finds that his opinions will not assist the trier of fact in this case. Mr. Kingsbery's last two opinions relate to the alleged dangers of using PVC pipe. However, Mr. Kingsbery admits to having no specialized knowledge of the composition, properties, or use of PVC pipe. In fact, he admits to having no more knowledge regarding PVC pipe than any other person who has used PVC pipe in some way. Mr. Kingsbery's first opinion is based on the fact that he has not seen PVC pipe used in a similar manner in any of the livestock facilities he has personally visited. This opinion, however, does not help the jury determine whether it was unreasonable or dangerous to use PVC pipe in the manner in which Defendants used it. Accordingly, Mr. Kingsbery will not be allowed to give expert testimony in this case because his opinions fail to assist the jury in understanding the evidence or determining

the facts in issue.

For the reasons stated above, Defendants' Motion in Limine [Docket No. 47] is hereby GRANTED.

DATED this 5th day of June, 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma